UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY LORENZO WOODFOLK, | : | CIVIL NO. 1:CV-01-0194 |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

### REPORT AND RECOMMENDATION

On January 30, 2001, the petitioner, a federal prisoner, filed a petition for a writ of habeas corpus. The petitioner challenges a conviction by the United States District Court for the District of Maryland.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

. . . .

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The types of claims that the petitioner is raising in this case are the types of claims that should be brought by way of a §2255 motion in the district court of conviction.

To be able to bring a petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in § 2255 has been strictly construed. See *Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444

F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684). A prior unsuccessful § 2255 motion filed in the sentencing court is insufficient in and of itself to show that a § 2255 motion is inadequate or ineffective. *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966)(sentencing court's prior denial of identical claims does not render § 2255 remedy inadequate or ineffective); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)(denial of prior § 2255 motion does not show that § 2255 is an inadequate remedy). "It is the inefficacy of the remedy, not a personal

3

inability to utilize it that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986).

The petitioner has not shown that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. Accordingly, he may not bring a habeas corpus petition.

We note that the petitioner has indicated that he has brought the instant petition for a writ of habeas corpus pursuant to Article I, Section 9 and Article III, Section 2 of the Constitution and not pursuant to 28 U.S.C. § 2241. The petitioner states that the court should not convert his petition into either a § 2255 motion or a § 2241 petition. Our recommendation is not that the instant petition be converted into a § 2255 motion or a § 2241 petition. Rather, our recommendation is that the instant petition for a writ of habeas corpus be dismissed because the petitioner is not entitled to

4

bring such a petition as long as a remedy under § 2255 is not inadequate or ineffective to test the legality of his detention.

Along with his petition for a writ of habeas corpus, the petitioner filed the following motions: Motion for Court to Answer Jurisdictional Question; Motion for the Court to Take Judicial Notice of All Adjudicative Facts therein Petitioner's Writ of Habeas Corpus and All Accompanying Motions; Motion to Convene an Article III District Court; and Motion to Compel Respondent to Produce Promulgation for 21 U.S.C. §§ 841(a), 846. Since we recommend that the petition for a writ of habeas corpus be dismissed, we also recommend that these motions be denied.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed, that the petitioner's motions (docs. 2, 3, 4 & 5) be denied and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

Dated:   February 8, 2001.

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY LORENZO WOODFOLK, | : | CIVIL NO. **1:CV-01-0194** |
| Petitioner | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

**NOTICE**

FILED
HARRISBURG, PA

FEB 8 - 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: February 8, 2001.

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

February 8, 2001

Re: 1:01-cv-00194    Woodfolk v. United States of Ame

True and correct copies of the attached were mailed by the clerk to the following:

Corey Lorenzo Woodfolk
USP-Lewisburg
P.O. Box 1000
Lewisburg, PA  17837

```
cc:
Judge                      (X)              ( ) Pro Se Law Clerk
Magistrate Judge           (X)              ( ) INS
U.S. Marshal               ( )              ( ) Jury Clerk
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              ( )
Federal Public Defender    ( )
Summons Issued             ( ) with N/C attached to complt. and served by:
                               U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5        ( )
Order to Show Cause        ( ) with Petition attached & mailed certified mail
                               to: US Atty Gen ( )   PA Atty Gen ( )
                                   DA of County ( )  Respondents ( )
Bankruptcy Court           ( )
Other _____      (X)
```

MARY E. D'ANDREA, Clerk

DATE: 2-8-01                BY: _____
                                Deputy Clerk