JUDGE'S COPY

# district court of the United States
## for the Middle district of Pennsylvania

Corey Lorenzo Woodfolk,
natural person  third party
              Petitioner,

'versus'

UNITED STATES OF AMERICA,
              Respondent,

Case No. [1:01-cv-00194]

FILED
HARRISBURG, PA
FEB 14 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Clarification to warrant issuance of Writ

---

    Petitioner, Corey Lorenzo Woodfolk, by Special Visitation, and with acknowledged recognition of all authority and adjudicative facts therein his Petition for Habeas Corpus Relief, respectfully, submit the following;

    **Will this Honorable Court take cognizance of the fact that:** Convincingly, at the outset, procurement of the current proceedings has the flowery residual of "bad faith."

    Notification of Petitioner's filed Writ of Habeas Corpus, [1:01-cv-00194] was realized by Petitioner on February 1, Anno domini 2001. Accordingly, a document entitled "Notice, Consent, And Order Of Reference-Exercise of Jurisdiction By A United States Magistrate Judge," accompanied said Notification. Petitioner, respectfully withheld consent to such (jurisdiction), and factually, moved [t]his Honorable Court by motion, to Convene an Article III district court, of which is exclusively, save the Supreme Court of the United States, capable of receiving/exercising the judicial power therein conveyed.

    However, on February 9, Anno domini 2001, Petitioner received what purported to be a recommendation as to the disposition of Petitioner's Writ of Habeas Corpus petition, date bearing, February 8, 2001. It is reasonably obvious that which such meager time between

the date of notification and date of purported recommendation, permission for the exercise of magistrate jurisdiction was none other than a colorable arena of diligent fiction.

Agreeably, the ultimate decision as to the factual disposition of Petitioner's Writ of Habeas Corpus is to be reviewed "de novo" by an presumed Article III judge. United States v. Raddatz, 447 US 667, 65 L.Ed 2d 424, 100 S. Ct. 2406 (c. 1980).

Article III, of the Federal Constitution, serves both to protect the role of the independent judiciary within the Constitutional scheme of tripartite government and to safeguard litigants rights to have claims decided before judges who are free from potential domination by other branches of government. Thomas v. Union Carbide Agricultural Products Co., 473 US 568, 584, 87 L.Ed 2d 409, 105 S. Ct. 3325. Particularly, as a personal right, Article III guaranty of an impartial and independent federal adjudication is subject to waiver, just as other personal Constitutional rights that dictate the procedures by which civil and criminal matters must be tried. Commodity Futures Trading Comm'n v. Schor, 478 US 833, 92 L.Ed 2d 678, 106 S.Ct. 3245.

Here, Petitioner has not waived such rights, nor does the Court have before it any express waiver of his election to proceed in any manner, except as specifically provided for therein his Petition for Habeas Corpus. See, (invocation of jurisdiction, therein writ of habeas corpus [1:01-cv-00194]). Petitioner, respectfully denies the existence of any presumptions therein magistrate judge J. Andrew Smyser's purported * recommendation.

---

\* Notably, the magistrates recommendation clearly acquiescenced the distinct differ- between 28 U.S.C. §§ 2255, 2241 and the Great Writ of Habeas Corpus.

2.

Petitioner, does not express the vanity, nor the ingenuity to educate the Court, however, and with caution, simplicity is of necessity;

The Constitutional system of checks and balances is designed to guard against "encroachment or aggrandizement" by other branches of government. 424 US, at 122, 46 L.Ed 2d 659, 96 S. Ct. 612. But, when Congress creates a statutory right, it clearly has the discretion, in defining that right, to create presumptions, or assign burdens of proof, or prescribe remedies; it may also provide that persons seeking to vindicate that right must do so before particularized tribunals created to perform the specialized adjudicative tasks related to that right. Such provisions do, in a sense, affect the exercise of judicial * power, but they are incidental to Congress' power to define the right that it has created. No comparable justification exist, however, when the right being adjudicated is not of congressional creation. Northern Pipeline Co. v. Marathon Pipeline Co., 485 US 50, 70 L.Ed 2d 598, 102 S. Ct. 2858.

Clearly, Petitioner, has asserted therein his [P]etition, unarguably, "petition of right," no congressionally created right. In such a situation, substantial inroads into functions that have traditionally been performed by the judiciary cannot be characterized merely as incidental to extensions of Congress' power to define rights that it has created. Rather, such inroads suggest unwarranted encroachments upon the judicial power of the United States, which our Constitution reserves for Article III courts, ante, 73 L.Ed 2d 598, at p. 623.

---

\*  ... the Court sets forth the startling proposition that "the judicial power of the United States is not limited to the judicial power defined in Article III." It turns out, however — to our relief, I suppose it must be said — that this is really only a pun. "The judicial power," as the Court uses it, bears no resemblance to the constitutional term of art we are all familiar with, but means only "the power to adjudicate in the manner of the courts." Freytag v. Commissioner, 501 US —, 115 L.Ed 2d 764, at B, 798.

3.

In Crowell v. Benson, 285 US 22, 52 S.Ct. 285 (c. 1932), the Court found that the requirement of "de novo" review as to certain facts was not "simply the question of due process in relation to notice and hearing," but was "rather a question of the appropriate maintenance of the Federal judicial power." The general principle of Crowell — distinguishing between congressionally created rights and Constitutionally recognized rights — remains valid.

The "private rights" asserted by Petitioner, therein his Petition for Habeas Relief, i.e., Constitutionally recognized rights, is neither searching, nor to be recognized as incidental to congressionally created rights; in as much, the ability for a suitor to chose the forum by which to vindicate [recognized] federal Constitutional rights is the subject of great respect. We have a Constitution designed to keep government out of private domains. Flast v. Cohen, 392 US, at p. 968, 20 L.Ed 2d 947, 88 S. Ct. 1942. Congress may make available a quasi-judicial mechanism [those which seek to vindicate congressionally created rights] through which willing parties may, at their option, elect to resolve their differences. This is not to say, of course, that if Congress created a phalax of non-article III tribunals equipped to handle the entire business of the Article III courts without any Art. III supervision or control and without evidence of valid and specific legislative necessities, the fact that the parties had the election to proceed in their forum of choice would necessarily save the scheme from Constitutional attack. See, 478 US, at p. 695, note [2e], 106 S. Ct. 3245, supra. While the question of the inherent recognition of access to the Courts, i.e., First Article of Amendment to the Constitution, as asserted by Petitioner

4.

is distinct with regard to the congressionally created right asserted by Bonds, the substance of the fundamental Constitutional right of access to the courts is stare decisis. See, <u>Bounds v. Smith</u>, 430 US 817, 52 L.Ed 2d 72, 97 S. Ct. 1491.

In consulting statutory construction, it is equally true, however, that this canon of construction does not give a court the prerogative to ignore Constitutional adjudication; " '[a]lthough this Court will often strain to construe legislation so as to save it against Constitutional attack, it <u>must</u> not and will not carry this to the point of perverting the purpose of a statute ... or judicially rewriting it." <u>Aptheker v. Secretary of State</u>, 378 US 500, 515, 12 L.Ed 2d 992, 84 S. Ct. 1659, (quoting <u>Scales v. United States</u>, 367 US 203, 211, 6 L.Ed 2d 782, 82 S. Ct. 1469.)

Agreeably, nowhere therein the jurisdiction invoked therein Petitioner's Writ of Habeas Corpus, to wit, § 14, 1 Stat. 81, 82; Article I, § 9, cl. 2, of the Constitution of the United States (c. March 4, Anno domini 1789), Art. III, § 2, cl. 1 of same; § 377, 36 Stat. 1156, 1162; § 455, 452, 453, (R.S. §§ 751-53); § 454 (R.S. § 754); §§ 455-61, (R.S. § 755-61); § 11, 1 Stat. 78, and § 1, 18 Stat. 470 (in the course of the common law), as it pertains to the Great Writ (habeas corpus ad subjiciendum, for inquiry into the cause of restraint), is it a necessary prerequisite that determination of an ineffective or inadequate remedy under some other presumed form * of congressionally created right, necessary before a suitor may bring an action pursuant to the authority [stated above], nor is there even a ghost of of case law, or statutory provision that would support such conclusion.

---

\* 28 U.S.C. § 2255

5.

The United States Code was <u>not</u> enacted as a statute, nor can it be construed as such. It is <u>only</u> a prima facie statement of the statute law. The statutes collected in it did not change there meaning nor acquire any new force by their inclusion. If construction is necessary, recourse <u>must</u> be has to the original statutes themselves. <u>Murrell v. Western Union Tel. Co.</u>, 160 F.2d 787. 788 (c. 1947). The official source to find United States Law is the Statutes at Large. <u>Royer's, Inc. v. United States</u>, C.A.3 (Pa.) 265 F.2d 615 (c. 1959). The statutory language as dutifully mandated upon Congress to acknowledge the Constitutional provision therein, Art. I, § 9, cl. 2, is as follows:

§§ 451, 452, 453 (R.S. §§ 751-53):

The Supreme Court and the circuit and district courts shall have power to issue writs of habeas corpus.

The several justices and judges of said courts, within their respective jurisdictions, shall have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty.

§ 454 (R.S. § 754):

Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known.

§§ 455-61 (R.S. §§ 755-61):

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Noteworthy, is the fact that in reconsulting §§ 451-53 (R.S. §§

6.

751-53), the necessary prerequisite which serve to bar certain prisoners makes no mention that a suitor must first prove that some other form of inquiry/adjudication is inadequate or ineffective; the power to decline the writ is in pertinent part:

The writ of habeas corpus shall not extend to a prisoner unless —

He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgement or decree of a court or judge of the United States;

Thus, we consult <u>United States v. Welden</u>, 377 US 95, 12 L.Ed 2d 152, 84 S. Ct. 1082, note 3, 4 ( This Court, in construing that statute has said that "the very meaning of 'prima facie' is that the Code cannot prevail over the Statutes at Large when the two are inconsistent." ) For it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such is clearly expressed. <u>Fourgo Glass Co. v. Transmirra Corp</u>, 353 US 222, 1 L.Ed 2d 786, 77 S. Ct. 787, quoting <u>Anderson v. Pacific Coast S. S. Co.</u>, 225 US 187, 32 S. Ct. 626. Also see, <u>Stephan v. United States</u>, 319 US 423, 63 S. Ct. 1135.

The mere indulgence of such professed notion is the similitude of statutory barbarism ; nor does Petitioner even presume that this Honorable Court would entertain such unsound suggested folly, of which existence can only be attributed that its origin was the proposition of a magistrate judge incapable of receiving, nor exercising the judicial power of Article III, therein conveyed. See, <u>National Mut. Ins. Co. v. Tidewater Transfer Co.</u>, 337 US 582, 69 S. Ct. 1173; <u>Ex parte</u>

Bakelite Corp, 279 US, at p. 459, 73 L.Ed 789, 49 S. Ct. 416.

The Laws of the United States which became a working Government (c. March 4, anno domini 1789), the Statutes at Large of which Petitioner has asserted therein his Habeas petition, are the Laws of forsaid United States; unquestionably, the only Laws of recognition as specifically enumerated therein Article III, § 2, cl. 1, capable of invoking the [C]ourts "arising under" jurisdiction, as the Code is of fact, not the Laws of the United States conveyed therein Art. III, but The Code of the laws of the United States of America, i.e., an agency, subdivision and/or instrumentality of the United States, not authorized as the real party of interest to exercise the power therein conveyed under the authority of the United States, Art. VI, cl. 2.

If the judiciary stayed its hand to the deference of the legislature, it would give the legislature "a real and practical omnipotence." Marbury v. Madison, 1 Cranch 137, 178, 2 L.Ed 60. Of course, where wrongs to individuals are done by violation of specific * guarantees, it is abdication for courts to close their doors. ante, 20 L.Ed 2d 947, 88 S. Ct. 1942, at p. 968. The "case or controversy" requirement comes into play only when the Federal government does something that affects a person's life, his liberty, or his property.

To eagerly, as must be concluded, shadow Petitioner with realized injury, in burdening the process of his Habeas action, which of just, should have issued unregretably without delay; and the suggestion that some other remedy should be approached is [received] with dismay.

---

\* See, Petitioner's Writ of Habeas Corpus brief, p. 6-10, and all asserted Claims.

The risk that Congress may improperly have encroached on the Federal judiciary is obviously magnified when Congress "withdraw[s] from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty" and which therefore has traditionally been tried in Article III courts, and allocates the decision of those matters to non-article III forum of its own creation. Murray's Lessee v. Hoboken Land and Improvement Co., 18 How 272, 284, 15 L.Ed 372 (c. 1856). "We yet like to believe that wherever the Federal courts sit, human rights under the Federal Constitution are always a proper subject for adjudication, and that we have not the right to decline the exercise of that jurisdiction simply because the right asserted may be adjudicated in some other forum." Stapleton v. Mitchell, 60 F.Supp. 51, 55; See, McNeese v. Board of Education, 373 US, at 674, note 6, 10 L.Ed 2d at 627. Congress imposed the duty upon all levels of the Federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his Federal Constitutional claims. See, Zwickler v. Koota, 389 US 241, 19 L.Ed 2d 444, 88 S.Ct. 391, at p. 450, note [2,3].

Again, the court is put on "Notice" that Claim II, therein Petitioner's Writ of Habeas Corpus is of considerable acknowledgement. This Honorable Court must agree, that the United States District Court for Maryland, has jurisdiction to adjudicate sanctions for violations of regulatory statutes. Accordingly, Respondent has dutifully failed to promulgate implementing regulations for 84 Stat. 1260 and 84 Stat. 1265, codified at 21 U.S.C. §§ 841(a), 846. This promulgation is not discretionary, nor subject to leniency. Strict compliance

9.

with the the Administrative Procedures Act, ch. 324, 80 Stat. 379, codified at 5 U.S.C. § 552; Federal Register Act, 49 Stat. 500, ch. 417, § 5(a)(3), codified at 44 U.S.C. § 1505(a)(3); Executive Order 11030, and 84 Stat. 1245, codiifed at 21 U.S.C. § 811, must of necessity be adhered to as mandated by Congress. Petitioner asserts that Respondent has failed to comply with such measure. The Notice mandate as described by the above authority, satisfies due process; the absence of such is fatal. Therefore, Petitioner's conviction must be vacated, because [h]e cannot be prosecuted or stand convicted for violating any acts pursuant to 21 U.S.C. §§ 841(a), 846, unless he violates an implementing regulation, duly promulgated, in the context of a criminal statute. See, Cervase v. Office of Federal Register, 580 F.2d 1166 (3rd Cir. c. 1978). California Bankers Assoc. v. Schultz, 416 US 21, 94 S.Ct. 1500.

Further, the contents of the Federal Register shall be judicially noticed; authority at 44 U.S. Code, 1964 ed., § 307 (July 26, Anno domini 1935, c. 417, § 7, 49 Stat. 502; Pub.L. 90-620, 82 Stat. 1276, codified at 44 U.S.C. § 1507.) See, United States v. Floyd, C.A. Okl. 1973, 477 F.2d 217, cert. denied 94 S.Ct. 550.

Concedingly, this Honorable Court has the power and duty, to vacate void judgements, and this power is regarded as inherent and independent of any statutory authority. The right to relief from a void judgement is absolute and not a matter within the court's discretion. This void judgement, as asserted by Petitioner, works substantive * harm to Petitioner, the fact of such divested the United

---

* [works a bill of attainder upon Petitioner, as it it no law, as applies to him.]

10.

States District Court for Maryland of subject matter jurisdiction.

Litigants in federal courts have a corresponding right to challenge subject matter jurisdiction at anytime, including direct appeal. See, Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites, 456 US 694, 701-02, 102 S. Ct. 2099 (c. 1982). The subject matter jurisdiction of a court — which is a statutory as well as an Article III requirement — functions as [a] restriction on federal power, and contributes to the characterization of the federal sovereign; consequently, no action of the parties can confer subject matter upon the federal court, their consent is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings. ante, 456 US, at 500, 501, 102 S. Ct. 2099, 72 L.Ed 2d 492.

Petitioner asserts, that to encourage any other adjudication than the issuing of the [w]rit of habeas corpus, as therein prayed, * violates [inter alia] Article VI, cl. 2 of the Constitution of the United States, to wit: This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the Land; and the Judges of every State shall be bound thereby, anything in the Constitution or the Laws of any State to the contrary notwithstanding.

This Honorable Court is compelled to take judicial notice of all adjudicative facts therein Petitioner's Habeas Petition, accompanying motions, and all adjudicative facts as evidenced herein this

---

\*    see, habeas brief at [1:01-cv-00194]

"Clarification to Warrant Issuance of Writ."

Therefore, for all of the enumerated factual conclusions of law, and the authority as asserted therein Petitioner's Writ of Habeas Corpus Petiton, and in consideration of [t]he foregoing premises, Petitioner, respectfully prays this Honorable Court grant foresaid Writ, and ultimately grant the Relief therein Requested.

A dispassionate awakening to [o]ne's neutrality, is to be embraced wherever chance may cleverly materialize its purpose ?

I have the honor to remain,
        Sincere,

*Corey Lorenzo Woodfolk*
Corey Lorenzo Woodfolk
c/o Post Office Box [1000],
Lewisburg; near [17837], Pennsylvania

Dated this /2 day of February, Anno domini 2001.


Attachment: Affidavit for Notice to expand the record, Instrument No. CLW55EX1

12.

Corey Lorenzo Woodfolk,
non-fiction
        Petitioner,

'versus'

UNITED STATES OF AMERICA,
        Respondent
_____/

Case No. [1:01-cv-00194]

**Affidavit for Notice To Expand the Record**

**In Support thereof:**

I, Corey Lorenzo Woodfolk, a natural person, (i.e., living human being), with absolute estate, non-ficition, having first hand knowledge of all facts and matters contained herein the (4) corners of this [I]nstrument No. CLW55EX1; of age, of sound mind, and competent to testify with regard to any material fact hereto, do declare and affirm, that [t]he facts contained herein are true, correct, and complete, not misleading, asseretd positively; and that [t]his affiant is held to the penalty of perjury, under the Statutes at Large, i.e., the Laws of the United States (c. March 4, Anno domini 1789), and the Universal Laws of Our "Creator" In Truth, so help Me [G]od;

I, Corey Lorenzo Woodfolk, by Special Visitation, submit the following: On January 23, Anno domini 2001, Corey Lorenzo Woodfolk, hereinafter (Affiant), caused to be served upon the District Court of the United States for the Middle district of Pennsylvania, at Scranton, a verified Petition for writ of Habeas Corpus; accompanied by (4) motions, and Clerk's Cover letter with filing instruction. The [C]ourt, [as stated above] received service of the same on January 25,

Anno domini 2001. Therein the Clerk's cover letter, this affiant informed the Court of his position as it relates to payment of fees for the filing of his writ of habeas corpus petition. However, on January 26, Anno domini 2001, this affiant telephoned the Court at Scranton, to recover the file number assigned to foresaid petition. At that time, Affiant was informed that his petition would not be processed until the court received a $ 5 dollar filing fee in accordance with [28 U.S.C. § 1914]. This affiant is fully aware that the demanded fiat currency, i.e., Federal Reserve Bank Notes, are the private script of the United States of America, issued or used in the territorial United States. This affiant expressly reserved such jurisdiction and made a complete "offer of performance" in the Lawful coin of the United States.

Suspiciously, the cover letter sent therein the package with the habeas petititon and accompanying motions, miraculously vanished. This affiant was then compelled against his will, to pay the $5 fee as demanded by foresaid court. The use of Federal Reserve Bank Notes, while Congress may create and legislate for any property or possessions of the United States, is the subject of great respect, however, this Affiant may not be compelled to submit to the jurisdiction of [t]his Congressional power. And as it applies to this Affiant, this coercion was unwarranted. See, attached Clerk's Cover letter, Exhibit 1a. This Affiant's neutral friendly position with regard to the open and notorious [d]emocracy, therein the territorial ambit of such sequestered jurisdiction, is to be acknowledged as transitory. Also see enclosed: Exhibit 1b, 1c.

   This affiant is not a crusader for world affairs, and
is not intent upon the notion.
To stand upon the horizon of learned men, by which the grace and
confidence of valor may be forever the light to victory, this, of
itself, be the reason of purpose.
I have the resilient honor to remain,
                              Sincere,

Signed and Dated this /2 day of _February_, Anno domini 2001.
**Witness My Hand/and Seal** _Corey Lorenzo Woodfolk_, Sui Juris
                              Corey Lorenzo Woodfolk
                              c/o Post Office Box [1000],
                              Lewisburg; near [17837], Pennsylvania

**In Witness Thereto**, a natural person, i.e., living human being, Whose Spiritual
Name is, Corey Lorenzo Woodfolk, came Before Me, on this /2 day of _Feb._,
Anno domini 2001, and affirmed and declared, that the facts contained herein the
(4) corners of this Instrument, are true, correct, and complete; not misleading,
asserted positively, In Truth, Before [G]od, at Lewisburg, country of Pennsylvania
state Republic;

**Witness My Hand/and Seal** _J. M. Lincalis_, acting Notary.
                              Notary Public

                    "J.M. LINCALIS PAROLE OFFICER"
                      Authorized by Act of July 7, 1955
                           to Administer Oaths
                            (18 U.S.C. 4004)
[My commission expires _____]

3 of 3

Certified Mail No. 7099 3220 0008 0487 3936

**Exhibit 1a**

Fr: Corey Lorenzo Woodfolk
    c/o Post Office Box [1000],
    Lewisburg; near [17837],
    Pennsylvania

By Special Visitation.

Judicial Notice is Requested.

To: Clerk of the district court of the United States
    William J. Nelson Federal Building and U.S. Courthouse
    235 North Washington Avenue, Post Office Box [1148],
    Scranton; near [18501], Pennsylvania

Re: "Notice" of filing Writ of Habeas;

Dear Clerk,

    This <u>Notice</u> is to communicate to this Honorable Court, [M]y intention to seek justice in the form stated above.
Now Therefore, You are moved by, Corey Lorenzo Woodfolk, to file this Writ of Habeas Corpus forthwith, in accordance with all authority cited therein said Petition. You are further reminded to your duties pursuant to: (c. 95, § 6, 18 Stat. 334). Petitioner, asserts that there is <u>no</u> fee required for the filing of this <u>Writ</u> as noted in [28 U.S.C. § 1914], See: Historical and Statutory Notes, as set out in the Judicial Conference Schedule of Fees; which states in pertinent part:

    "The Judicial Conference of the United States, at its session on March 7-9, Anno domini 1979, set forth the schedule of fees to be charged in the <u>United States District Court</u>." [<u>underscore added</u>]

    It further states:

        The fee <u>does</u> <u>not</u> apply in the District Courts of Guam, the Northern Mariana Islands, the Virgin Islands, The United States Claims Court, or <u>any other</u> federal <u>court</u> whose fees are <u>not</u> set under [28 U.S.C. §§ 1913, 1914, and 1930.]

    Therefore, the payment fees required are applicable to the United States District Courts, <u>not</u> the district court of the United States. See, § 1, 18 Stat. 470 and § 9, 1 Stat. 76.

1.

However, if this Honorabe district court of the United States for the Middle district of Pennsylvania, requires payment, obviously in the lawful coin of the United States, as set out in Art. 1, § 10, cl. 1, of the Constitution of the United States (c. March 4, Anno domini 1789), this <u>Notice</u> is a complete <u>Offer</u> <u>of</u> <u>Performance</u>, if this Honorable Court so requires lawful fees, for this cause of action.

Surely, this form of payment, if required, is the only form that this Honorable Court would require; anything to the contrary <u>not</u> withstanding, as Federal Reserve Bank Notes are the private property of the UNITED STATES OF AMERICA, used and issued <u>only</u> in territories and insular possessions of the United States. See, House Joint Resolution 192, of June 5, Anno domini 1933, and the Act of (c. 1934), omitting provision permitting redemption in gold, from last sentence of, § 16, 38 Stat. 265; § 2(b)(1), 48 Stat. 337.

Enclosed:

    (1) Writ of Habeas Corpus, pursuant to , (§ 14, 1 Stat. 73, 81-82).
    (2) Motion to convene an Art. III, district court.
    (3) Motion to Compel Respondent to produce promulgation for 84 Stat. 1260 and 84 Stat. 1265, codified at 21 U.S.C. §§ 841(a), 846.
    (4) Motion for Court to answer Jurisdictional Question.
    (5) Motion for the Court to take Judicial Notice; (6) Certificate of Service.

Claims raised by Petitioner: (1) Petitioner's Fifth, Sixth, and Seventh Amendment Constitutional Rights and Thirteenth Amendment Constitutional protection was violated where Respondent acting with undue influence subjected Petitioner to private law of which Respondent disclaims legislative construction and surreptitiously sued claiming crimes against the United States in a non-Art. III, court; (2) Petitioner's Fifth, Sixth and Thirteenth Amendment Rights were violated where Respondent used several unpromulgated regulatory statutes to obtain a conviction against Petitioner; (3) Petitioner's Fifth, Sixth, Seventh and Ninth Amendment Constitutional Rights were violated where Congress exceeded its Constitutionally enumerated exercise of

2.

power therein Art. IV, §3, cl. 1, by erecting its political subdivision and/or agency into the jurisdiction of the sovereign several State of Maryland; (4) Petitioner's Fifth and Sixth Amendment Constitutional Rights were violated where the Court lacked subject matter jurisdiction to convict Petitioner to a Constitutionally defective indictment that lacked necessary elements; (5) Petitioner claims that he is actually innocent of the charged violations of 21 U.S.C. §§ 841(a), 846.

I have the honor to remain,
    Sincere,

    *Corey Lorenzo Woodfolk*
    Corey Lorenzo Woodfolk
    c/o Post Office Box [1000],
    Lewisburg; near [17837],
    Pennsylvania

Dated this 22 day of January, Anno domini 2001.

3.

Exhibit 1b

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)*  Roseanne Piealowski   B. Date of Delivery<br>C. Signature  X Roxanne _____  ☐ Agent  ☐ Addressee<br>D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below ☐ No |
| 1. Article Addressed to:<br><br>c/o District Court of the United States<br>for the Middle district of Pennsylvania<br>United States Courthouse<br>235 North Washington Avenue, P.O. [1148]<br>Scranton; near [18501], Pennsylvania | [Scranton JAN 25 2001 USPS postmark]<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number *(Copy from service label)*  7099 3220 0008 0487 3936 | |
| PS Form 3811, July 1999  Domestic Return Receipt  102595-00-M-0952 | |

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Corey Lorenzo Woodfolk
c/o Post Office Box [1000],
Lewisburg; near [17837],
Pennsylvania

Exhibit 1c

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT of PENNSYLVANIA
William J. Nealon Federal Bldg. & U.S. Courthouse
235 North Washington Avenue, RM. 423
P.O. Box 1148
Scranton, PA 18501-1148

MARY E. D'ANDREA
Clerk of Court

(717) 207-5600   FAX (717) 207-5650

Divisional Offices

Harrisburg:     (717) 221-3920
Williamsport:   (717) 323-6380

1/26/01

TO: Corey Lorenzo Woodfolk #30079-037

REFERENCE: Woodfolk v. USA

Please see the paragraph checked below:

_____ A prisoner filing a civil rights complaint in the Middle District of Pennsylvania must submit either the statutory filing fee of $150.00 (effective December 18, 1996) or a proper application to proceed in forma pauperis AND an Authorization form (both forms are enclosed). The in forma pauperis and Authorization forms should be returned within thirty (30) days.

✓ A habeas corpus petition must be accompanied either by a $5.00 filing fee or the proper in forma pauperis application (form enclosed).

_____ A petition for a writ of mandamus must be accompanied either by a $150.00 filing fee or the proper in forma pauperis application (form enclosed).

_____ Each plaintiff must complete his/her own application to proceed in forma pauperis and Authorization form. The filing fee for a civil rights complaint is $150.00, regardless of the number of plaintiffs named in the action.

_____ In forma pauperis application and/or Authorization form not signed.

_____ Complaint/petition is not signed.

_____ This office does not provide copies of Local, Federal Criminal Civil Rules of Procedure to the public. Please check your institutional library.

Clerk of Court, Mary E. D'Andrea

By: _____